IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RIVERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNSYLVANIA DEPARTMENT )<br>OF CORRECTIONS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 09-1009<br>Magistrate Judge Bissoon |

### MEMORANDUM AND ORDER

Frank Rivera is a state prisoner currently incarcerated in the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. All parties have consented to the undersigned exercising jurisdiction in this case (Docs. 29, 30, 31). Defendants have filed Motions to Dismiss (Docs. 25, 32), and Plaintiff has been directed to respond. Plaintiff has now filed a Motion for Injunctive Relief (Doc. 35) asserting that he has been denied his right of access to the courts.

Plaintiff sought to have copies of his response to Defendants' Motion to Dismiss made at the prison library, and asked that he be permitted to "anticipate" his prisoner account, i.e., that the copies be made on credit rather than from a direct withdrawal from his prisoner account. The prison librarian replied that Plaintiff's prisoner account had not been below the $10 threshold for the required 30 days in order to qualify him for such treatment under applicable Pennsylvania Department of Corrections regulations. Plaintiff, thereafter, filed a 5 page motion with 14 pages of attachments wherein he asserts, in effect, that he is not able to file pleadings in this case due to limitations on his ability to make copies. Plaintiff also notes in his motion that he recently received $50 for his prison account enabling him to pay for copy expenses.

1

In determining whether preliminary injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.  <u>Bieros v. Nicola</u>, 857 F.Supp. 445 (E.D.Pa.1994).  It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (emphasis deleted).  With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient."  <u>United States v. Commonwealth of Pennsylvania</u>, 533 F.2d 107, 110 (3d Cir.1976).

Plaintiff clearly has not been denied access to this Court.  Indeed, it would seem obvious that he could have chosen to file his response to the Defendants' Motion to Dismiss instead of his request for injunctive relief.  Further, even if Plaintiff were unable to comply with a deadline imposed by this Court for filing a responsive pleading, he would not suffer irreparable harm because he could simply request additional time in which to respond.

AND NOW, this 29th day of October, 2009, IT IS HEREBY ORDERED that Plaintiff's Motion for Injunctive Relief (Doc. 35) is DENIED.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

cc:
**FRANK RIVERA**
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370