IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RIVERA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 09-1009<br>Magistrate Judge Bissoon |

## OPINION AND ORDER

Frank Rivera presently is incarcerated at the State Correctional Institution at Greene, ("SCI-Greene") located in Waynesburg, Pennsylvania. Rivera alleges in his Complaint that guards on the night shift "slam" the door near his cell while making their rounds, thereby waking him from sleep every 30 minutes, and causing him to be sleep-deprived. All Defendants have moved to dismiss the Complaint (Docs. 25 and 33).

Defendants assert that Rivera failed to exhaust administrative remedies with respect to his claims. Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement requires the following:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Before filing a civil action, a plaintiff-inmate **must** exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the

administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004). While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Id., 204 F.3d at 77-78.

The Pennsylvania Department of Corrections ("DOC") Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance is submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal lies to the Facility Manager; and (3) a final appeal must be sent to the Secretary's Office of Inmate Grievances and Appeals. Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth, supra, 206 F.3d at 293 n. 2 (outlining the grievance review process).

In this case, Rivera has attached to his Complaint the grievance he filed concerning excessive noise during sleep periods, as well as the administrative responses and his attempts to appeal. On November 2, 2007, Rivera filed Grievance No. 206769 complaining about the noise during the night caused by guards patrolling the cell block (Doc. 3, pp. 26-33). The grievance was returned to Rivera on November 9, 2007, with a form response indicating it was "being returned" because "the grievance exceeded the two (2) page limit. Description needs to be

brief." (Doc. 3, p. 34).  Rivera did not resubmit the grievance.  Instead, he appealed to Superintendent Folino on November 16, 2007, and argued that the page limit was "invalid."  (Id., pp. 35-43).  When he did not receive a response to the appeal, Rivera filed a Request to Staff Member to Superintendent Folino on November 28, 2007 (Id., p. 44).  Rivera was informed that no appeal had been received, but that his grievance had been rejected for failure to comply with the two-page limit (Id.).  Rivera filed a final appeal on December 6, 2007, and argued that his attempt to appeal to Superintendent Folino had been ignored (Id., pp. 45-46).  The appeal was dismissed on December 19, 2007, and Rivera was informed that his grievance was rejected for failure to comply with the two-page limit, and that he should have "shortened" the grievance and resubmitted it (Id., p. 47).

There is no dispute that Rivera's grievance was rejected because Plaintiff failed to comply with the DOC requirement that his description of facts not exceed two pages.  Plaintiff attempted to appeal the rejection of his grievance through the administrative process and argued, as he does here, that the two-page limitation is a violation of his First Amendment rights, and is invalid.  Rivera's appeals were rejected, and he was repeatedly instructed to resubmit his grievance after conforming it to the page limitation.  Thus, Rivera's claim was not addressed on its merits during the administrative appeal process.

As noted above, the failure to comply with a prison's procedural rules for filing administrative appeals results in a procedural default barring claims in federal court.  Spruill, supra.  Plaintiff argues that he has exhausted administrative remedies (i.e., that he has "substantially complied"), or, in the alternative, that the page limitation on grievances is invalid.

The United States Court of Appeals for the Third Circuit has not spelled out in detail what constitutes "substantial compliance" with the administrative procedures process sufficient

to warrant a finding that proper exhaustion has occurred in the prison context.  However, in <u>Keys v. Craig</u>, 160 Fed. Appx. 125 (3d Cir. 2005), the Court found that a prisoner whose administrative appeal was not acted upon because he failed to attach the required documentation had not "substantially complied" with the grievance procedures when he filed the documents late and with the wrong party.  Notably, the Court stated that "[the Plaintiff's] failure **to even attempt compliance** with the grievance procedures cannot be sufficiently substantial to act as an excuse."  <u>Keys</u>, 160 Fed.Appx. at 126 (emphasis added).  In <u>Nickens v. Department of Corrections,</u> 277 Fed.Appx. 148 (3d Cir. 2008), the Court of Appeals for the Third Circuit held that substantial compliance had not occurred where an appeal was not properly labeled as an appeal, and where it also was untimely.

District Courts have held that "misfiling a grievance without ever following up or inquiring as to its status cannot be considered 'substantial [compliance].' " <u>Naranjo v. Brooks</u>, 2009 WL 792335, at *4 n. 8 (E.D.Pa. Mar. 25, 2009).  In a case that most closely resembles the factual scenario here, <u>Lee v. Lindsey</u>, 2009 WL 1076390 (M.D.Pa. April 21, 2009), the prisoner was found not to have substantially complied with the United States Bureau of Prisons' administrative procedure where he failed to file a grievance on the proper form, was told of this defect, and failed to timely submit an amended grievance.  The same result applies here.

Plaintiff was told that he had failed to comply with the page limitation, and that the grievance was being returned.  Rather than attempt to comply with the regulation and file the grievance again, Plaintiff contented himself with attempting to challenge the page limitation itself, and arguing that his grievance should have been addressed on its merits.  Notably, Plaintiff does not argue that he would have been unable to conform his grievance to the two-page limit.

Instead, he simply believes that any limitation on the length of his grievance is invalid and a violation of his rights.

First, in light of <u>Lee</u> and <u>Naranjo</u>, there is little doubt that Plaintiff's failure to even attempt to comply with the page limitation is a sufficient basis for determining that Plaintiff failed to "substantially comply" with the DOC's administrative appeals process.  Second, Plaintiff's argument that his rights were somehow violated by the enforcement of the page limitation is simply wrong.  A page limitation is as legitimate a requirement as is the proper place to file a grievance (<u>Naranjo</u>) or the proper form to use in filing an appeal (<u>Lee</u>).  Indeed, courts routinely limit pleadings to concise statements of only relevant facts and often have page limitations.  A review of the grievance in this case also makes clear that Plaintiff could have complied with the two-page limitation, but he simply (and repeatedly) refused to do so.  The Court will not find substantial compliance where no attempt has been made to comply with the relevant requirement.

Plaintiff has not exhausted administrative remedies with respect to his claim that excessive noise has deprived him of sleep, and this is apparent from a review of the Complaint and the exhibits attached to it.  Hence, Defendants' Motions to Dismiss will be granted.

AND NOW, this 22nd day of January, 2010,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (Docs. 25 and 33) are GRANTED.  The Clerk is directed to mark this case CLOSED.

<u>s/Cathy Bissoon</u>
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370